IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>EDWARD BRASWELL BALDWIN, III and<br>TISHA CELESS BALDWIN,<br><br>  Debtors.<br><br>EDWARD AND TISHA BALDWIN,<br><br>  Movants,<br><br>vs.<br><br>STATEBRIDGE COMPANY,<br><br>  Respondent. | Case No. 3:09-bk-14189<br>Chapter 11<br>Judge Randal S. Mashburn |

**STATEBRIDGE COMPANY'S RESPONSE TO MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY PROVISIONS OF SECTION 362(A), THE TERMS OF THE CONFIRMATION ORDER AND THE DISCHARGE INJUNCTION OF SECTION 524 OF THE BANKRUPTCY CODE**

COMES NOW, STATEBRIDGE COMPANY, by and through its undersigned counsel of record, and files this response to Movant's Motion for Contempt (the "Motion") respectfully showing this Honorable Court as follows:

1.

Initially, the Debtors' Motion is procedurally improper as the Court must reopen the closed bankruptcy case before it has jurisdiction to rule on the Motion. The present case was closed on December 10, 2012, when the Court issued its Final Decree. [Doc. 197]. 11 U.S.C. § 350(b) provides in relevant part "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." This code section makes it "clear that Congress contemplated that a case would be reopened 'to accord relief to the

1

Case 3:09-bk-14189 Doc 206 Filed 08/01/17 Entered 08/01/17 15:16:25 Desc Main
Document Page 1 of 3

debtor.' To ignore the language of § 350(b) in a context like this would render it surplusage, which courts are discouraged from doing" *Cohn v. Wells Fargo Home Mortgage, Inc. (In re Cohn),* No. 07-90680, 2008 WL 8013412, at *2 (Bankr. S.D. Ca. March 10, 2008). "[T]he act of reopening [a case] is largely ministerial and of no substantive import, [it] does not make it procedurally or administratively irrelevant." *Id.* at *2. Thus, as a matter of law, the Debtors cannot proceed with this Motion while the underlying case is closed.

2.

Factually, Statebridge Company denies the allegations in the Motion. Specifically, Statebridge Company has agreed and stands ready, willing, and able to accept payment of the remaining balance and release the lien upon Debtors' property, however, Debtors have failed to tender said amounts. Logically, Statebridge Company cannot be held liable for refusing to accept payments that have not been tendered. For this reason, Statebridge Company has not violated the automatic stay, confirmation order, or discharge injunction, and the Motion for Contempt should be denied.

Respectfully submitted this 1st day of August, 2017.

/s/ Bret J. Chaness
JODY CHARLES CAMPBELL (BPR # 33106)
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com
jcampbell@rubinlublin.com

*Attorneys for Statebridge Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served via CM/ECF (registered users only) and U.S. Mail on this the 1st day of August, 2017, on the following parties:

Steven L. Lefkovitz
Law Offices Lefkovitz & Lefkovitz
618 Church Street, Suite 410
Nashville, TN 37219

Charles M. Walker
Office of U.S. Trustee
701 Broadway, Suite 318
Nashville, TN 37203

                                              */s/ Bret J. Chaness*
                                              BRET J. CHANESS (BPR # 31643)

3

Case 3:09-bk-14189   Doc 206   Filed 08/01/17   Entered 08/01/17 15:16:25   Desc Main
Document   Page 3 of 3