B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> EDWARD AND TISHA BALDWIN | **DEFENDANTS** <br> STATEBRIDGE COMPANY <br> 5680 GREENWOOD PLAZA BLVD., SUITE 100 S. <br> GREENWOOD VILLAGE, CO 80111 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> STEVEN L. LEFKOVITZ, NO. 5953 <br> 618 CHURCH ST., SUITE 410 <br> NASHVILLE, TN 37219 (615) 256-8300 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> COMPLAINT FOR EQUITABLE SUBORDINATION, AND TO DETERMINE PROPERTY OF THE ESTATE, NATURE AND EXTENT OF LIEN, AND FOR DAMAGES ||

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ [3] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☒ [1] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR **EDWARD AND TISHA BALDWIN** | | BANKRUPTCY CASE NO. **309-14189** | |
| DISTRICT IN WHICH CASE IS PENDING **MIDDLE** | | DIVISION OFFICE **NASHVILLE** | NAME OF JUDGE **MASHBURN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) **/S/ STEVEN L. LEFKOVITZ** | | | |
| DATE **8/13/2020** | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) **STEVEN L. LEFKOVITZ, NO. 5953 ATTORNEY FOR PLAINTIFFS** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | ) Chapter 11 Proceeding |
| EDWARD AND TISHA BALDWIN, ) | ) Case No. 309-14189 |
| Debtor-in-possession. ) | ) Randal S. Mashburn, Judge |
| EDWARD AND TISHA BALDWIN, ) | |
| Movant, ) | |
| -v- ) | |
| STATEBRIDGE COMPANY, ) | |
| Respondent. ) | |

## COMPLAINT OF DEBTOR AGAINST STATEBRIDGE COMPANY FOR EQUITABLE SUBORDINATION, AND TO DETERMINE PROPERTY OF THE ESTATE, NATURE AND EXTENT OF LIEN, AND FOR DAMAGES

Comes the Plaintiff and Debtor, through counsel, and for complaint in this cause, would show the following unto the Court:

1. The Plaintiff is the Debtor in the above-captioned bankruptcy, having filed a petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee. All references to the Debtor in this complaint also reference the Plaintiff.

2. The Defendants are claimants of the Debtor by virtue of being a subordinate lien holder on real property owned by the Debtor.

3. Jurisdiction for this Court to hear this cause of action properly lies with Court pursuant 28 U.S.C. 1334, and venue for this Court to hear this cause of action is appropriate pursuant to 28 U.S.C. 1408. This action is a core proceedings as defined by

-1-

28 U.S.C. 157(b). This is an adversary proceeding pursuant to Fed.R.Bankr.P. 7001.

## FACTUAL BACKGROUND

4. The Debtors scheduled STATEBRIDGE COMPANY as a lienholder on house and lot located at 717 Old Hickory Blvd., Brentwood, TN 37027 under the terms and conditions of the attached provisions of the plan confirmed by the Court. This is confirmed by the attached statement dated January 6, 2017.

5. The Debtors tendered to the Defendant a check to payoff said lien. Said check was never negotiated, and to date, the Defendant has done nothing either to recover the check or seek any payment under the plan. After an extended period of time, the Debtors were able to stop and recover the funds from the bank, due to fact that they issued a cashier's check, and need to either payoff the claim or have the claim deemed paid in full due to the actions of the Defendant.

## COUNT NO. 2 – EQUITABLE SUBORDINATION OF THE CLAIMS OF DEFENDANTS PURSUANT TO SECTION 510(c)

6. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-5, inclusive, in the complaint filed in this cause.

7. Based on actions of the Defendant, the Plaintiff prays that the claim of the Defendant be subordinated to the interests below that of all claimants in this estate, including the interests of the Debtor, pursuant to Section 510(c) of the Bankruptcy Code.

8. Section 510(c) of the Bankruptcy Code (11 U.S.C. 510(c)), states:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

9. For the reasons contained herein, the Plaintiffs pray that the claim Defendant be subordinated pursuant to Section 510(c) of the Bankruptcy Code to the interests of all of the claimants of this estate.

**WHEREFORE, the Plaintiffs seek the relief sought herein and for such other relief to which they would be entitled under the premises.**

Respectfully submitted,

/s/ Steven L. Lefkovitz, No. 5953
Attorney for Plaintiff
618 Church Street, Suite 410
Nashville, Tn 37219
(615)256-8300
slefkovitz@lefkovitz.com