Randal S. Mashburn
U.S. Bankruptcy Judge

Dated: 7/29/2022



# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Edward and Tisha Baldwin, | ) | Case No. 09-14189 |
| | ) | Chapter 11 |
| Debtor. | ) | Judge Randal S. Mashburn |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO REOPEN CASE AND RELATED RELIEF

The Debtors have filed a motion seeking various relief relating to the reopening of the Chapter 11 case. The motion is granted in part and denied in part.

First, as to the Debtors' motion to reopen the case, no hearing is needed, and the motion is hereby granted subject to payment of the reopening filing fee. The reopening will allow the Debtors to file Financial Management Course Certificates and to request entry of a discharge for the Debtors as provided herein.

Second, the Debtors have requested an expedited hearing on this matter. It is somewhat unclear from the motion, but it appears that the Debtors are asking that discharges be entered on an expedited basis. However, no grounds have been articulated for this being done under LBR 9075-1. The Debtors assert that all plan payments have been completed and entry of a discharge order is warranted. No reason has been articulated that this cannot be done on an "if objection" basis under LBR 9013-1. The normal process is to allow time for any creditor or party in interest to object if there is any dispute with the Debtors' assessment that the plan has been fully completed. In fact, the Court has a separate docket event under LBR 9013-1 for this purpose. Accordingly, with the reopening of the case, the Debtors should file an

appropriate motion under LBR 9013-1 with information about why, under the terms of the plan, discharges should be entered at this point.

Third, the Debtors are seeking a waiver of the reopening filing fee but have provided no grounds whatsoever for such relief. The practice in this district has been to allow a Chapter 11 case to be administratively closed at a certain stage before the terms of a plan have been fully carried out. This allows a debtor to avoid continued incurrence of fees to the United States Trustee. However, in the case of an individual Chapter 11 debtor, the case typically needs to be reopened at some point to allow a discharge to be entered once all plan requirements have been satisfied. Thus, a debtor in that situation saves a substantial amount of money in quarterly U.S. Trustee fees while completing payments under the plan. There is no particular reason that a debtor should also automatically receive the added benefit of avoiding the reopening filing fee. In this instance, no justification has been provided for the request. In light of the significant reductions in the budgets for the Clerk of the Court in this and other districts around the country, there is no justification to waive the fee in the absence of unusual circumstances. Accordingly, that part of the relief requested is denied without prejudice.

Therefore, the case is reopened subject to payment of the required filing fee, unless waived by subsequent order. The request for an expedited hearing is denied. Any request for entry of discharges shall be subject to LBR 9013-1.

IT IS SO ORDERED.

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.